# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| DM LUXURY, LLC, | ) | |
| | ) | |
| *Plaintiff*, | ) | Case No. 1:13-cv-06177 |
| | ) | |
| v. | ) | Hon. Harry D. Leinenweber |
| | ) | |
| CELEBRITY CRUISES, INC., | ) | **Jury Trial Demanded** |
| | ) | |
| *Defendant*. | ) | |

## DEFENDANT CELEBRITY CRUISES, INC.'S
## ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

Defendant Celebrity Cruises, Inc. ("Celebrity Cruises") answers the Complaint filed in this action by plaintiff DM Luxury, LLC ("DML") and provides notice of its Affirmative Defenses and Counterclaims as follows:

### NATURE OF ACTION AND RELIEF SOUGHT

1. This is an action for trademark infringement, false designation of origin, unfair competition, unfair or deceptive acts or practices, and dilution arising out of Celebrity's unauthorized, improper, and willful use of DM Luxury's registered MODERN LUXURY trademark, U.S. Registration Number 2,693,696, (the "Mark").

**ANSWER**: Celebrity Cruises admits that this action purports to state a claim for trademark infringement, false designation of origin, unfair competition, unfair or deceptive acts or practices, and dilution. Celebrity Cruises denies it committed any unauthorized, improper, or willful use of the Mark. Celebrity Cruises lacks sufficient information and belief to either admit or deny the remaining allegations in paragraph 1 and therefore deny them.

2. DM Luxury, publisher of MODERN LUXURY magazines in the United States and owner of the trademark rights in the Mark, is the country's premier luxury lifestyle publisher, with over 45 publications in 14 major cities. The MODERN LUXURY publications cover, among other topics, luxury travel.

**ANSWER**: Celebrity Cruises lacks sufficient information and belief to either admit or deny the allegations in paragraph 2 and therefore deny them.

3.     The MODERN LUXURY magazines are famous, and well known to Celebrity, which has advertised in the magazines.

**ANSWER**: Celebrity Cruises admits that it knows of the MODERN LUXURY magazine and that it has advertised in such. Celebrity Cruises denies the remaining allegations of paragraph 3.

4.     With full knowledge of the Mark and without authorization from DM Luxury, Celebrity launched an advertising campaign that uses DM Luxury's MODERN LUXURY Mark as the brand, logo, and tag-line for its travel services, and filed U.S. Trademark Application Serial No. 85421117, seeking registration of THAT'S MODERN LUXURY for cruise services. Celebrity continues to use MODERN LUXURY and THAT'S MODERN LUXURY in connection with the advertisement and sale of services that are substantially similar to, and overlap with, the services featured in DM Luxury's magazines (the "Infringing Use").

**ANSWER**: Celebrity Cruises admits that if filed U.S. Trademark Application Serial No. 85/421,117 seeking registration of the mark THAT'S MODERN LUXURY for use in connection with "Cruise ship services; arranging and conducting cruises for others; transportation of passengers by ship; arranging and conducting travel tours for others." Celebrity Cruises admits that it continues to use MODERN LUXURY and THAT'S MODERN LUXURY in connection with the advertisement and sale of services. Celebrity Cruises denies the remainder of the allegations in paragraph 4.

5.     Celebrity's Infringing Use of DM Luxury's Mark has caused, and will continue to cause, consumer confusion as to the source of Celebrity's services or as to an affiliation, association, or sponsorship between DM Luxury and Celebrity, which does not exist.

**ANSWER**: Denied.

6.     Celebrity's Infringing Use of the famous Mark is also likely to cause dilution by blurring, and does in fact dilute and detract from the distinctiveness of DM Luxury's Mark.

**ANSWER**: Denied.

7.      Celebrity's Infringing Use is causing, and will continue to cause, irreparable harm to DM Luxury.

**ANSWER**: Denied.

## THE PARTIES

8.      DM Luxury is the owner by assignment from Modern Luxury Media, LLC ("MLM") of trademark rights in the United States in the MODERN LUXURY Mark for magazines and various other electronic and non-electronic publications in fields such as travel, fine food and wine, and general luxury lifestyle. DM Luxury is a limited liability company organized and existing under the laws of the State of Delaware, with a primary place of business located at 200 West Hubbard Street, Chicago, IL 60654.

**ANSWER**: Celebrity Cruises lacks sufficient information and belief to either admit or

deny the allegations in paragraph 8 and therefore deny them.

9.      Upon information and belief, Celebrity is a corporation organized and existing under the laws of Liberia, with its principal place of business at 1050 Caribbean Way, Miami, Florida 33132. Celebrity, which, like DM Luxury, is in the business of luxury goods and services, operates cruise lines that provide, among other things: upscale restaurants, bars, clubs, and lounges; onboard wine services; beverage packages; jewelry, fragrances, artwork, and collectables shopping; entertainment services; casino facilities; and spa and fitness services. Celebrity offers its services to various destinations throughout the country and worldwide, and advertises its services globally through various media channels.

**ANSWER**: Celebrity Cruises lacks sufficient information and belief to either admit or

deny whether DM Luxury is in the business of luxury goods and services, operates cruise lines

that provide, among other things: upscale restaurants, bars, clubs, and lounges; onboard wine

services; beverage packages; jewelry, fragrances, artwork, and collectables shopping;

entertainment services; casino facilities; and spa and fitness services and therefore denies these

allegations. Celebrity Cruises admits the remaining allegations of paragraph 9.

## JURISDICTION AND VENUE

10.      This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1331 because this action arises under federal law, namely, 15 U.S.C. §§ 1051, *et seq.* (the Lanham Act).

3

**ANSWER**: Admitted, but Celebrity Cruises denies that the claims alleged in the Complaint state any valid claim against Celebrity Cruises within this Court's jurisdiction.

11.     This Court has supplemental jurisdiction over the state law claims asserted herein pursuant to 28 U.S.C. §§ 1338(b) and 1367(a).

**ANSWER**: Admitted, but Celebrity Cruises denies that the claims alleged in the Complaint state any valid claim against Celebrity Cruises within this Court's jurisdiction.

12.     This Court has personal jurisdiction over Celebrity because Celebrity has committed one or more tortious acts complained of in this Complaint within this State and District.

**ANSWER**: For the purposes of this action only, Celebrity Cruises admits that this Court has personal jurisdiction over Celebrity Cruises but denies that it has committed any tortious acts complained of in this Complaint.

13.     Venue is proper in this District under 28 U.S.C. § 1391(b) because Celebrity is subject to personal jurisdiction in this District and because a substantial part of the events or omissions giving rise to the claim occurred in this District.

**ANSWER**: Celebrity Cruises admits that, for the purpose of this action only, venue is proper as to Celebrity Cruises within this judicial district. Celebrity Cruises denies that any events or omissions give rise to any valid claim against Celebrity Cruises.

**<u>BACKGROUND</u>**

***DM Luxury's MODERN LUXURY Trademarks***

14.     DM Luxury publishes and markets luxury lifestyle magazines and other publications in the United States under the MODERN LUXURY Mark. DM Luxury currently offers its publications for sale to U.S. consumers under the Mark, and the Mark has been in continuous use in U.S. commerce in connection with these publications since at least as early as March 1, 2001. As a result of substantial resources invested in numerous national marketing campaigns featuring the MODERN LUXURY Mark, and the tremendous success of the publications, the Mark has gained substantial consumer recognition. Under the Mark, DM Luxury has become the premier luxury lifestyle publisher in the country.

**ANSWER**: Celebrity Cruises admits that DM Luxury publishes a magazine entitled MODERN LUXURY magazine for sale to U.S. consumers. Celebrity Cruises lacks sufficient

information and belief to either admit or deny the remaining allegations in paragraph 14 and therefore deny them.

15.     On February 19, 2000, MLM (the predecessor in interest to DM Luxury) filed a trademark application for MODERN LUXURY (Reg. No. 2,693,696) for use in connection with "[m]agazines featuring lifestyle editorial focusing predominantly on personality and celebrity interviews, fashion and accessories, jewelry, beauty, home design, dining out, entertaining at home, travel, arts and culture and philanthropy." This application registered on March 4, 2003, and the Mark has since reached incontestable status. A copy of the U.S. trademark registration certificate for the MODERN LUXURY Mark attached hereto as **Exhibit A** and by reference are made a part hereof.

**ANSWER**: Celebrity Cruises admits that U.S. Trademark Registration No. 2,693,696 was registered on March 4, 2003 for the mark MODERN LUXURY for use in connection with "[m]agazines featuring lifestyle editorial focusing predominantly on personality and celebrity interviews, fashion and accessories, jewelry, beauty, home design, dining out, entertaining at home, travel, arts and culture and philanthropy." Celebrity Cruises admits that the document attached to the Complaint as Exhibit A purports to be a copy of U.S. Trademark Registration No. 2,693,696. Celebrity Cruises lacks sufficient information and belief to either admit or deny the remaining allegations in paragraph 15 and therefore deny them.

16.     MLM also filed trademark applications for MODERN LUXURY HAWAI'I (Reg. No. 3,640,285), MODERN LUXURY DALLAS (Reg. No. 3,291,683), and HOUSTON MODERN LUXURY (Reg. No. 3,428,194), for use in connection with magazines and "[d]ownloadable electronic publications in the nature of magazines in the field of fashion, accessories, jewelry, home design, travel, fine food and wine, culture, art, real estate, society, celebrity, and general luxury lifestyle," which registered on June 16, 2009, September 11, 2007, and May 13, 2008 respectively. Copies of the U.S. trademark registration certificates for MODERN LUXURY HAWAI'I, MODERN LUXURY DALLAS, and HOUSTON MODERN LUXURY are attached hereto as **Exhibit B** and by reference are made a part hereof.

**ANSWER**: Celebrity Cruises admits that MODERN LUXURY HAWAI'I (Reg. No. 3,640,285), MODERN LUXURY DALLAS (Reg. No. 3,291,683), and HOUSTON MODERN LUXURY (Reg. No. 3,428,194), for use in connection with magazines and "[d]ownloadable electronic publications in the nature of magazines in the field of fashion, accessories, jewelry,

home design, travel, fine food and wine, culture, art, real estate, society, celebrity, and general luxury lifestyle," were registered on June 16, 2009, September 11, 2007, and May 13, 2008 respectively. Celebrity Cruises admits that the document attached to the Complaint as Exhibit B purports to be copies of these registrations. Celebrity Cruises lacks sufficient information and belief to either admit or deny the remaining allegations in paragraph 16 and therefore deny them.

17.     On September 15, 2010, MLM assigned its rights in MODERN LUXURY, MODERN LUXURY HAWAI'I, MODERN LUXURY DALLAS, and HOUSTON MODERN LUXURY to DM Luxury. The assignment was recorded with the U.S. Patent and Trademark Office on June 20, 2012.

**ANSWER**: Celebrity Cruises lacks sufficient information and belief to either admit or deny the remaining allegations in paragraph 17 and therefore deny them.

18.     Additionally, DM Luxury owns pending trademark applications for NS MODERN LUXURY FOR THE NORTH SHORE (Serial No. 85737240) and MODERN LUXURY TRAVEL (Serial No. 85655608). Copies of the U.S. trademark applications for NS MODERN LUXURY FOR THE NORTH SHORE and MODERN LUXURY TRAVEL are attached hereto as **Exhibit C** and by reference are made a part hereof.

**ANSWER**: Celebrity Cruises admits that there are pending trademark applications for NS MODERN LUXURY FOR THE NORTH SHORE (Serial No. 85/737,240) and MODERN LUXURY TRAVEL (Serial No. 85/655,608). Celebrity Cruises admits that the document attached to the Complaint as Exhibit C purports to be copies of these applications. Celebrity Cruises lacks sufficient information and belief to either admit or deny the remaining allegations in paragraph 18 and therefore deny them

19.     The MODERN LUXURY Mark is extremely strong. It is inherently distinctive because 'Modern luxury' does not merely describe the magazines or their contents.

**ANSWER**: Denied.

20.     The Mark has also acquired a high degree of distinctiveness and fame in the minds of readers in Illinois and throughout the United States through consistent use, widespread and substantial advertising and promotion, and tremendous commercial success nationwide. Consumers recognize the Mark as representative of publications associated with the very highest quality products and services.

6

**ANSWER**: Denied.

21.     Since MODERN LUXURY was first used in connection with the MODERN LUXURY magazines (at least as early as March 1, 2001), millions of dollars have been spent to cultivate the goodwill associated with the Mark. As a result, the MODERN LUXURY brand, which is held in extremely high regard by consumers and advertisers alike, now covers over 45 publications in 14 major cities.

**ANSWER**: Celebrity Cruises lacks sufficient information and belief to either admit or deny the remaining allegations in paragraph 14 and therefore deny them.

22.     The MODERN LUXURY publications include City Magazines (*e.g., Manhattan, Miami, Chicago*, etc.), which "offer award winning content featuring the finest in fashion, beauty, jewelry, design, real estate, travel, dining, nightlife and the arts"; *Interiors*, which are "premier luxury home design resources"; *Brides; Men's Book*; and *Front Desk*. *See* https://store.modernluxury.com/subscriptions (last accessed Aug. 20, 2013).

**ANSWER**: Celebrity Cruises lacks sufficient information and belief to either admit or deny the remaining allegations in paragraph 22 and therefore deny them.

23.     Each of these publications has city- and market-specific editions. Editions of the City Magazines include, for example, *Angeleno, Aspen, Beach, CS, DC, Houston, Jezebel, Manhattan, Miami, Dallas, Hawaii, NS, Riviera Orange County, Riviera San Diego, San Francisco*, and *The Atlantan*. Similarly, editions of *Interiors* include *California Interiors, CS Interiors*, and *Modern Luxury Interiors Texas*. *See id*.

**ANSWER**: Celebrity Cruises lacks sufficient information and belief to either admit or deny the remaining allegations in paragraph 23 and therefore deny them.

24.     DM Luxury markets, advertises, and sells its MODERN LUXURY publications directly to consumers through traditional media (including newsstands) and at live consumer events and trade shows, as well as on the Internet, via websites such as http://www.modernluxury.com/ (last visited Aug. 19, 2013), and through social media including Facebook, Twitter, and foursquare. The publications are also available for download on mobile devices.

**ANSWER**: Celebrity Cruises lacks sufficient information and belief to either admit or deny the remaining allegations in paragraph 24 and therefore deny them.

25.     As a result of enormous efforts and resources spent to cultivate the MODERN LUXURY brand and achieve its commercial success, DM Luxury's Mark has developed substantial and valuable goodwill.

**ANSWER**: Denied.

26. In the minds of consumers, the MODERN LUXURY Mark represents a single source of uniquely high quality products and the ultimate standard of luxury.

**ANSWER**: Denied.

27. Additionally, DM Luxury's unrivaled local knowledge and regional character, interactive digital extensions, and high society events make MODERN LUXURY publications a prime vehicle for advertisers to market their luxury goods and services. Indeed, Celebrity has been among such advertisers seeking to reach the audience targeted by DM Luxury's services.

**ANSWER**: Celebrity Cruises admits that it has advertised in a MODERN LUXURY publication. Celebrity Cruises lacks sufficient information and belief to either admit or deny the remaining allegations in paragraph 27 and therefore deny them.

### *Celebrity's Infringing Use of DM Luxury's Mark*

28. MLM first became aware of the Infringing Use of the Mark on or around November 4, 2011, when Celebrity submitted one of its new 'Modern Luxury' advertisements for inclusion in the MODERN LUXURY magazines.

**ANSWER**: Celebrity Cruises lacks sufficient information and belief to either admit or deny the allegations in paragraph 28 and therefore deny them.

29. Despite its amicable relationship with MLM and its knowledge of the Mark, Celebrity launched a 'Modern Luxury' advertising campaign using ads that prominently display the trademarks MODERN LUXURY and THAT'S MODERN LUXURY.

**ANSWER**: Celebrity Cruises admits that it has an advertising campaign that uses the trademark MODERN LUXURY and THAT'S MODERN LUXURY. Celebrity Cruises lacks sufficient information and belief to either admit or deny the remaining allegations in paragraph 29 and therefore deny them.

30. Because Celebrity was using the Mark in connection with the same types of services that were being featured and advertised in the MODERN LUXURY magazines, MLM was concerned that Celebrity's use of the Mark would cause consumer confusion. In an attempt to avoid such consumer confusion, MLM declined to publish any Celebrity advertisements bearing MODERN LUXURY, THAT'S MODERN LUXURY, or variations thereof, and notified Celebrity that it was violating MLM's rights.

**ANSWER**: Celebrity Cruises admits that MLM declined to publish any Celebrity Cruises advertisements bearing MODERN LUXURY, THAT'S MODERN LUXURY. Celebrity Cruises admits that it was notified by MLM that it was allegedly violating MLM's rights. Celebrity Cruises lacks sufficient information and belief to either admit or deny the remaining allegations in paragraph 30 and therefore deny them.

31.     DM Luxury also learned that, on September 13, 2011, Celebrity filed U.S. Trademark Application Serial No. 85421117, seeking registration of THAT'S MODERN LUXURY, for "cruise ship services; arranging and conducting cruises for others; transportation of passengers by ship; [and] arranging and conducting travel tours for others." In its trademark application, Celebrity claimed a first use of the mark in August 25, 2011. A copy of U.S. Trademark Application No. 85421117 is attached hereto as **Exhibit D** and by reference is made a part hereof.

**ANSWER**: Celebrity Cruises lacks sufficient information and belief to either admit or deny that DM Luxury learned of U.S. Trademark Application Serial No. 85/421,117 on September 13, 2011 and therefore deny this allegation. Celebrity Cruises admits the remaining allegations in paragraph 31.

32.     On December 28, 2012, DM Luxury filed a Notice of Opposition to Celebrity's pending trademark application before the Trademark Trial and Appeal Board.

**ANSWER**: Admitted.

33.     On February 12, 2013, Celebrity filed an Answer to DM Luxury's Notice of Opposition, conceding that Celebrity does not have any actual or constructive use of THAT'S MODERN LUXURY prior to August 25, 2011. Celebrity did not assert any affirmative defenses.

**ANSWER**: Admitted except to the extent that the Answer was filed on February 6, 2013 not February 12, 2013.

34.     DM Luxury has attempted to reach an amicable resolution of this matter with Celebrity, but has been unable to do so.

**ANSWER**: Celebrity Cruises admits that the parties have been unable to resolve this matter. Celebrity Cruises denies the remaining allegations of paragraph 34.

35.     Upon information and belief, Celebrity is still running the infringing advertisements in numerous publications (excluding the MODERN LUXURY magazines) and marketing the MODERN LUXURY brand through a variety of other media channels (*e.g.*, billboards, commercials, live consumer events, etc.). Celebrity is also using the Mark to sell its services. Examples of Celebrity's Infringing Use of DM Luxury's Mark are attached hereto as **Exhibit E** and by reference are made a part hereof.

**ANSWER**: Celebrity Cruises admits that it is running advertisements in publications (excluding the MODERN LUXURY magazines) and marketing the THAT'S MODERN LUXURY service mark through a variety of media channels. Celebrity Cruises admits that Exhibit E is an example of such an advertisement. Celebrity Cruises denies the remaining allegations of paragraph 35.

### *The Likelihood of Confusion, Dilution, and Irreparable Harm to DM Luxury*

36.     Celebrity's use of DM Luxury's MODERN LUXURY Mark in connection with services that are substantially similar to, and overlap with, those advertised and featured in DM Luxury's magazines is likely to cause consumer confusion as to the ultimate source of Celebrity's services, and is likely to imply a false affiliation, sponsorship, or other connection between Celebrity and DM Luxury.

**ANSWER**: Denied.

37.     Celebrity's use of THAT'S MODERN LUXURY, a nearly identical mark, in connection with services that are substantially similar to, and overlap with, those advertised and featured in DM Luxury's magazines is likely to cause consumer confusion as to the ultimate source of Celebrity's services and is likely to imply a false affiliation, sponsorship, or other connection between Celebrity and DM Luxury.

**ANSWER**: Denied.

38.     Celebrity's Infringing Use of DM Luxury's Mark in connection with services that are substantially similar to those featured and advertised in DM Luxury's magazines, to the same consumers who read DM Luxury's magazines, makes consumer confusion inevitable.

**ANSWER**: Denied.

39.     Celebrity's Infringing Use constitutes trademark infringement, false designation of origin, and unfair and deceptive practices.

**ANSWER**: The allegations contained in paragraph 39 contain legal conclusions to which no response is required; to the extent that paragraph 39 contains factual allegations, Celebrity Cruises deny them.

40.     Celebrity's Infringing Use of DM Luxury's famous Mark is also likely to cause dilution by blurring, and does in fact dilute and detract from the distinctiveness of DM Luxury's Mark.

**ANSWER**: The allegations contained in paragraph 40 contain legal conclusions to which no response is required; to the extent that paragraph 40 contains factual allegations, Celebrity Cruises deny them.

41.     Celebrity's Infringing Use is causing, and will continue to cause, irreparable harm to DM Luxury's business reputation and goodwill as well as inevitable public confusion and substantial and irreparable harm to the public.

**ANSWER**: The allegations contained in paragraph 41 contain legal conclusions to which no response is required; to the extent that paragraph 41 contains factual allegations, Celebrity Cruises deny them.

***Celebrity's Bad Faith and Willful Infringement***

42.     Furthermore, evidence suggests that Celebrity has acted, and continues to act, in bad faith.

**ANSWER**: Denied.

43.     Before beginning its Infringing Use of the MODERN LUXURY Mark in August 2011, Celebrity had actual and constructive notice of MLM's prior rights in the Mark. MLM's registration of the MODERN LUXURY Mark on March 4, 2003 provided constructive notice of MLM's rights (see Ex. A), and Celebrity had acquired actual knowledge of MLM's rights in the Mark through its business relationship with MLM. Moreover, since then, DM Luxury has clearly expressed to Celebrity, through correspondence, the filing of its Notice of Opposition, and otherwise, that Celebrity's use of the MODERN LUXURY Mark constitutes infringement of DM Luxury's rights. Nevertheless, without authorization, Celebrity adopted and continues to use DM Luxury's Mark to advertise its services.

**ANSWER**: Celebrity Cruises denies that it had actual notice of MLM's rights in the MODERN LUXURY Mark through its business relationship with MLM. Celebrity Cruises

admits that a U.S. Trademark Registration 2,693,696 provides constructive notice pursuant to 15 U.S.C. § 1072. Celebrity Cruises admits that DM Luxury has expressed that Celebrity Cruises' alleged use of the MODERN LUXURY Mark constitutes infringement of DML's rights. However, Celebrity Cruises denies any infringement of DML's rights. Celebrity Cruises denies the remaining allegations of paragraph 43.

44.     Celebrity's actual and/or constructive knowledge of the MODERN LUXURY Mark prior to its Infringing Use of the Mark makes Celebrity's wrongful conduct willful, intentional, and in bad faith.

**ANSWER**: Denied.

45.     The willful and intentional nature of Celebrity's conduct makes this trademark infringement an exceptional case, which entitles DM Luxury to reasonable attorneys' fees and supports an award of treble damages pursuant to 15 U.S.C. § 1117(a).

**ANSWER**: Denied.

### COUNT I
### TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114

46.     DM Luxury repeats and realleges paragraphs 1 - 45 as if fully set forth herein.

**ANSWER**: Celebrity Cruises incorporates its answers to paragraphs 1 through 45 as if fully set forth herein.

47.     DM Luxury owns U.S. Trademark Registration Number 2,693,696 for MODERN LUXURY in connection with "[m]agazines featuring lifestyle editorial focusing predominantly on personality and celebrity interviews, fashion and accessories, jewelry, beauty, home design, dining out, entertaining at home, travel, arts and culture and philanthropy."

**ANSWER**: Celebrity Cruises lacks sufficient information and belief to either admit or deny the allegations in paragraph 47 and therefore deny them.

48.     DM Luxury's registered Mark is valid, subsisting, and incontestable.

**ANSWER**: Celebrity Cruises lacks sufficient information and belief to either admit or deny the allegations in paragraph 48 and therefore deny them.

49. DM Luxury's Mark has been used in U.S. commerce in connection with the MODERN LUXURY magazines since at least as early as March 1, 2001.

**ANSWER**: Celebrity Cruises lacks sufficient information and belief to either admit or deny the allegations in paragraph 49 and therefore deny them.

50. Celebrity's first use of MODERN LUXURY and THAT'S MODERN LUXURY was on or after August 25, 2011 - roughly a decade after the first use of DM Luxury's Mark.

**ANSWER**: Celebrity Cruises admits that first use of MODERN LUXURY and THAT'S MODERN LUXURY was on or after August 25, 2011. Celebrity Cruises lacks sufficient information and belief to either admit or deny the remaining allegations in paragraph 50 and therefore deny them.

51. Celebrity had actual and/or constructive knowledge of the Mark before adopting the Mark, and Celebrity continues to use the Mark despite its knowledge of DM Luxury's rights in the Mark.

**ANSWER**: Denied.

52. Celebrity's use of the Mark is, and has always been, unauthorized.

**ANSWER**: Denied.

53. Celebrity's use of MODERN LUXURY, an identical mark with highly similar and overlapping services, is likely to cause consumer confusion, mistake, and deception as to an affiliation, connection, or association with DM Luxury.

**ANSWER**: Denied.

54. Celebrity's use of THAT'S MODERN LUXURY, a nearly identical mark, with highly similar and overlapping services, is also likely to cause consumer confusion, mistake, and deception as to an affiliation, connection, or association with DM Luxury.

**ANSWER**: Denied.

55. Celebrity's use of MODERN LUXURY constitutes trademark infringement in violation of 15 U.S.C. § 1114.

**ANSWER**: The allegations contained in paragraph 55 contain legal conclusions to which no response is required; to the extent that paragraph 55 contains factual allegations, Celebrity Cruises deny them.

56.     Celebrity's use of THAT'S MODERN LUXURY constitutes trademark infringement in violation of 15 U.S.C. § 1114.

**ANSWER**: The allegations contained in paragraph 56 contain legal conclusions to which no response is required; to the extent that paragraph 56 contains factual allegations, Celebrity Cruises deny them.

57.     Celebrity's actual and/or constructive knowledge of the MODERN LUXURY Mark prior to its Infringing Use of the Mark makes Celebrity's wrongful conduct willful, intentional, and in bad faith.

**ANSWER**: The allegations contained in paragraph 57 contain legal conclusions to which no response is required; to the extent that paragraph 57 contains factual allegations, Celebrity Cruises deny them.

58.     The willful and intentional nature of Celebrity's conduct makes this trademark infringement an exceptional case pursuant to 15 U.S.C. § 1117(a).

**ANSWER**: The allegations contained in paragraph 58 contain legal conclusions to which no response is required; to the extent that paragraph 58 contains factual allegations, Celebrity Cruises deny them.

59.     As a result of Celebrity's trademark infringement, DM Luxury has suffered damages in an amount that has not yet been ascertained.

**ANSWER**: Denied.

60.     As a result of Celebrity's trademark infringement, DM Luxury has also suffered irreparable injury to its business, reputation, and goodwill. DM Luxury will continue to suffer irreparable injury unless Celebrity's misconduct is enjoined by the Court.

**ANSWER**: Denied.

## COUNT II
## FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. § 1125(a)

61.     DM Luxury repeats and realleges paragraphs 1 - 60 as if fully set forth herein.

**ANSWER**: Celebrity Cruises incorporates its answers to paragraphs 1 through 60 as if fully set forth herein.

62.     DM Luxury owns common law rights in the MODERN LUXURY Mark.

**ANSWER**: Celebrity Cruises lacks sufficient information and belief to either admit or deny the allegations in paragraph 62 and therefore deny them.

63.     DM Luxury's Mark has been used in U.S. commerce in connection with the MODERN LUXURY magazines since at least as early as March 1, 2001.

**ANSWER**: Celebrity Cruises lacks sufficient information and belief to either admit or deny the allegations in paragraph 63 and therefore deny them.

64.     Celebrity's first use of MODERN LUXURY and THAT'S MODERN LUXURY was on or after August 25, 2011 - roughly a decade after the first use of DM Luxury's Mark.

**ANSWER**: Celebrity Cruises admits that first use of MODERN LUXURY and THAT'S MODERN LUXURY was on or after August 25, 2011. Celebrity Cruises lacks sufficient information and belief to either admit or deny the remaining allegations in paragraph 64 and therefore deny them.

65.     Celebrity had actual and/or constructive knowledge of the Mark before adopting the Mark, and Celebrity continues to use the Mark despite its knowledge of DM Luxury's rights in the Mark.

**ANSWER**: Denied.

66.     Celebrity's use of the Mark is, and has always been, unauthorized.

**ANSWER**: Denied.

67.     Celebrity's use of MODERN LUXURY in connection with its cruise and travel services falsely suggests that these services are connected with, sponsored by, affiliated with, or related to DM Luxury.

**ANSWER**: Denied.

68.     Celebrity's use of THAT'S MODERN LUXURY in connection with its cruise and travel services falsely suggests that these services are connected with, sponsored by, affiliated with, or related to DM Luxury.

**ANSWER**: Denied.

69.     Celebrity's use of MODERN LUXURY constitutes false designation of origin in violation of 15 U.S.C. § 1125(a).

**ANSWER**: The allegations contained in paragraph 69 contain legal conclusions to which no response is required; to the extent that paragraph 69 contains factual allegations, Celebrity Cruises deny them.

70.     Celebrity's use of THAT'S MODERN LUXURY constitutes false designation of origin in violation of 15 U.S.C. § 1125(a).

**ANSWER**: The allegations contained in paragraph 70 contain legal conclusions to which no response is required; to the extent that paragraph 70 contains factual allegations, Celebrity Cruises deny them.

71.     Celebrity's actual and/or constructive knowledge of the MODERN LUXURY Mark prior to its Infringing Use of the Mark makes Celebrity's wrongful conduct willful, intentional, and in bad faith.

**ANSWER**: The allegations contained in paragraph 71 contain legal conclusions to which no response is required; to the extent that paragraph 71 contains factual allegations, Celebrity Cruises deny them.

72.     The willful and intentional nature of Celebrity's conduct makes this false designation of origin an exceptional case pursuant to 15 U.S.C. § 1117(a).

**ANSWER**: The allegations contained in paragraph 72 contain legal conclusions to which no response is required; to the extent that paragraph 72 contains factual allegations, Celebrity Cruises deny them.

73.     As a result of Celebrity's false designation of origin, DM Luxury has suffered damages in an amount that has not yet been ascertained.

**ANSWER**: Denied.

74.     As a result of Celebrity's false designation of origin, DM Luxury has also suffered irreparable injury to its business, reputation, and goodwill. DM Luxury will continue to suffer irreparable injury unless Celebrity's misconduct is enjoined by the Court.

**ANSWER**: Denied.

### COUNT III
### DILUTION UNDER 15 U.S.C. § 1125(c)

75.     DM Luxury repeats and realleges paragraphs 1 - 74 as if fully set forth herein.

**ANSWER**: Celebrity Cruises incorporates its answers to paragraphs 1 through 74 as if fully set forth herein.

76.     As a result of longstanding, continuous, and extensive use of the MODERN LUXURY Mark, the Mark has become famous in the United States.

**ANSWER**: Denied.

77.     Celebrity began using the MODERN LUXURY Mark after it became famous as a result of widespread and substantial use.

**ANSWER**: Denied.

78.     Celebrity is using the MODERN LUXURY Mark in commerce in connection with the advertisement of its services.

**ANSWER**: Denied.

79.     Celebrity's use of DM Luxury's Mark has caused, and will continue to cause, dilution of the distinctive quality of DM Luxury's famous Mark.

**ANSWER**: Denied.

80.     Celebrity's unauthorized use of DM Luxury's Mark constitutes dilution of DM Luxury's famous MODERN LUXURY Mark under 15 U.S.C. § 1125(c).

**ANSWER**: The allegations contained in paragraph 80 contain legal conclusions to which no response is required; to the extent that paragraph 80 contains factual allegations, Celebrity Cruises deny them.

81.     Celebrity had actual and/or constructive knowledge of the Mark before adopting the Mark, and Celebrity continues to use the Mark despite its knowledge of DM Luxury's rights in the Mark.

**ANSWER**: Denied.

82.     Celebrity's actual and/or constructive knowledge of the MODERN LUXURY Mark prior to its Infringing Use of the Mark makes Celebrity's wrongful conduct willful, intentional, and in bad faith.

**ANSWER**: Denied.

83.     The willful and intentional nature of Celebrity's actions make this trademark dilution an exceptional case pursuant to 15 U.S.C. § 1117(a).

**ANSWER**: The allegations contained in paragraph 83 contain legal conclusions to which

no response is required; to the extent that paragraph 83 contains factual allegations, Celebrity

Cruises deny them.

84.     As a result of Celebrity's trademark dilution, DM Luxury has suffered damages in an amount that has not yet been ascertained.

**ANSWER**: Denied.

85.     As a result of Celebrity's trademark dilution, DM Luxury has also suffered irreparable injury to its business, reputation, and goodwill. DM Luxury will continue to suffer irreparable injury unless Celebrity's misconduct is enjoined by the Court.

**ANSWER**: Denied.

## COUNT IV
## DECEPTIVE TRADE PRACTICES UNDER ILLINOIS DECEPTIVE TRADE PRACTICES ACT, 815 ILCS 510/2(a)

86.     DM Luxury repeats and realleges paragraphs 1 - 85 as if fully set forth herein.

**ANSWER**: Celebrity Cruises incorporates its answers to paragraphs 1 through 85 as if

fully set forth herein.

87.     DM Luxury owns U.S. Trademark Registration Number 2,693,696 for MODERN LUXURY in connection with "[m]agazines featuring lifestyle editorial focusing predominantly on personality and celebrity interviews, fashion and accessories, jewelry, beauty, home design, dining out, entertaining at home, travel, arts and culture and philanthropy."

**ANSWER**: Celebrity Cruises lacks sufficient information and belief to either admit or

deny the allegations in paragraph 87 and therefore deny them.

88.     DM Luxury's registered Mark is valid, subsisting, and incontestable.

**ANSWER**: Celebrity Cruises lacks sufficient information and belief to either admit or deny the allegations in paragraph 88 and therefore deny them.

89.     DM Luxury also owns common law rights in the MODERN LUXURY Mark.

**ANSWER**: Celebrity Cruises lacks sufficient information and belief to either admit or deny the allegations in paragraph 89 and therefore deny them.

90.     DM Luxury's Mark has been used in U.S. commerce in connection with the MODERN LUXURY magazines since at least as early as March 1, 2001.

**ANSWER**: Celebrity Cruises lacks sufficient information and belief to either admit or deny the allegations in paragraph 90 and therefore deny them.

91.     Celebrity's first use of MODERN LUXURY and THAT'S MODERN LUXURY was on or after August 25, 2011 - roughly a decade after the first use of DM Luxury's Mark.

**ANSWER**: Celebrity Cruises admits that first use of MODERN LUXURY and THAT'S MODERN LUXURY was on or after August 25, 2011. Celebrity Cruises lacks sufficient information and belief to either admit or deny the remaining allegations in paragraph 91 and therefore deny them.

92.     Celebrity had actual and/or constructive knowledge of the Mark before adopting the Mark, and Celebrity continues to use the Mark despite its knowledge of DM Luxury's rights in the Mark.

**ANSWER**: Denied.

93.     Celebrity's use of the Mark is, and has always been, unauthorized.

**ANSWER**: Denied.

94.     Celebrity's use of MODERN LUXURY in the course of business is likely to cause confusion and misunderstanding as to the source, sponsorship, approval, or certification of goods or services.

**ANSWER**: Denied.

95.     Celebrity's use of THAT'S MODERN LUXURY in the course of business is likely to cause confusion and misunderstanding as to the source, sponsorship, approval, or certification of goods or services.

**ANSWER**: Denied.

96.     Celebrity's use of MODERN LUXURY constitutes a deceptive trade practice in violation of the Illinois Deceptive Trade Practices Act, 815 ILCS 510/2(a).

**ANSWER**:

97.     Celebrity's use of THAT'S MODERN LUXURY constitutes a deceptive trade practice in violation of the Illinois Deceptive Trade Practices Act, 815 ILCS 510/2(a).

**ANSWER**: The allegations contained in paragraph 97 contain legal conclusions to which

no response is required; to the extent that paragraph 97 contains factual allegations, Celebrity

Cruises deny them.

98.     Celebrity's actual and/or constructive knowledge of the MODERN LUXURY Mark prior to its Infringing Use of the Mark makes Celebrity's wrongful conduct willful, intentional, and in bad faith.

**ANSWER**: Denied.

99.     As a result of Celebrity's deceptive trade practices, DM Luxury has suffered damages in an amount that has not yet been ascertained.

**ANSWER**: Denied.

100.    As a result of Celebrity's deceptive trade practices, DM Luxury has also suffered irreparable injury to its business, reputation, and goodwill. DM Luxury will continue to suffer irreparable injury unless Celebrity's misconduct is enjoined by the Court.

**ANSWER**: Denied.

**COUNT V**
**UNFAIR METHODS OF COMPETITION AND UNFAIR AND DECEPTIVE ACTS UNDER THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT, 815 ILCS 505/2**

101.    DM Luxury repeats and realleges paragraphs 1 - 100 as if fully set forth herein.

**ANSWER**: Celebrity Cruises incorporates its answers to paragraphs 1 through 100 as if

fully set forth herein.

102.    DM Luxury owns U.S. Trademark Registration Number 2,693,696 for MODERN LUXURY in connection with "[m]agazines featuring lifestyle editorial focusing predominantly on personality and celebrity interviews, fashion and accessories, jewelry, beauty, home design, dining out, entertaining at home, travel, arts and culture and philanthropy."

**ANSWER**: Celebrity Cruises lacks sufficient information and belief to either admit or deny the allegations in paragraph 102 and therefore deny them.

103.    DM Luxury's registered Mark is valid, subsisting, and incontestable.

**ANSWER**: Celebrity Cruises lacks sufficient information and belief to either admit or deny the allegations in paragraph 103 and therefore deny them.

104.    DM Luxury also owns common law rights in the MODERN LUXURY Mark.

**ANSWER**: Celebrity Cruises lacks sufficient information and belief to either admit or deny the allegations in paragraph 104 and therefore deny them.

105.    DM Luxury's Mark has been used in U.S. commerce in connection with the MODERN LUXURY magazines since at least as early as March 1, 2001.

**ANSWER**: Celebrity Cruises lacks sufficient information and belief to either admit or deny the allegations in paragraph 105 and therefore deny them.

106.    Celebrity's first use of MODERN LUXURY and THAT'S MODERN LUXURY was on or after August 25, 2011.

**ANSWER**: Admitted.

107.    Celebrity had actual and/or constructive knowledge of the Mark before adopting the Mark, and Celebrity continues to use the Mark despite its knowledge of DM Luxury's rights in the Mark.

**ANSWER**: Denied.

108.    Celebrity's use of the Mark is, and has always been, unauthorized.

**ANSWER**: Denied.

109.    Celebrity's use of MODERN LUXURY in commerce is intended to and is likely to cause confusion and misunderstanding as to the source, sponsorship, approval, or certification of goods or services.

**ANSWER**: Denied.

110.    Celebrity's use of THAT'S MODERN LUXURY in commerce is intended to and is likely to cause confusion and misunderstanding as to the source, sponsorship, approval, or certification of goods or services.

**ANSWER**: Denied.

111.    Celebrity's misconduct includes the use of deception, fraud, false pretense, false promise, misrepresentation and/or the concealment, suppression or omission of material fact, with the intent that others rely upon such concealment, suppression or omission, and/or the use of practices described in Section 2 of the 'Uniform Deceptive Trade Practices Act' in the conduct of trade or commerce.

**ANSWER**: Denied.

112.    Celebrity's use of MODERN LUXURY constitutes an unfair method of competition and an unfair and deceptive act in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 805/2.

**ANSWER**: The allegations contained in paragraph 112 contain legal conclusions to which no response is required; to the extent that paragraph 112 contains factual allegations, Celebrity Cruises deny them.

113.    Celebrity's use of THAT'S MODERN LUXURY constitutes an unfair method of competition and an unfair and deceptive act in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 805/2.

**ANSWER**: The allegations contained in paragraph 113 contain legal conclusions to which no response is required; to the extent that paragraph 113 contains factual allegations, Celebrity Cruises deny them.

114.    Celebrity's actual and/or constructive knowledge of the MODERN LUXURY Mark prior to its Infringing Use of the Mark makes Celebrity's wrongful conduct willful, intentional, and in bad faith.

**ANSWER**: Denied.

115.    As a result of Celebrity's unfair methods of competition and deceptive acts, DM Luxury has suffered damages in an amount that has not yet been ascertained.

**ANSWER**: Denied.

116.     As a result of Celebrity's unfair methods of competition and deceptive acts, DM Luxury has also suffered irreparable injury to its business, reputation, and goodwill. DM Luxury will continue to suffer irreparable injury unless Celebrity's misconduct is enjoined by the Court.

**ANSWER**: Denied.

## COUNT VI
## DILUTION UNDER THE ILLINOIS ANTI-DILUTION ACT, 765 ILCS 1036/65

117.     DM Luxury repeats and realleges paragraphs 1 - 116 as if fully set forth herein.

**ANSWER**: Celebrity Cruises incorporates its answers to paragraphs 1 through 116 as if fully set forth herein.

118.     As a result of longstanding, continuous, and extensive use of the MODERN LUXURY Mark, the Mark has become famous in the State of Illinois.

**ANSWER**: Denied.

119.     Celebrity began using the MODERN LUXURY Mark after it became famous as a result of widespread and substantial use.

**ANSWER**: Denied.

120.     Celebrity is using the MODERN LUXURY Mark in commerce in connection with the advertisement of its services.

**ANSWER**: Denied.

121.     Celebrity's use of DM Luxury's Mark has caused, and will continue to cause, dilution of the distinctive quality of DM Luxury's famous Mark.

**ANSWER**: Denied.

122.     Celebrity's unauthorized use of DM Luxury's Mark constitutes dilution of DM Luxury's famous MODERN LUXURY Mark under the Illinois Anti-Dilution Act, 765 ILCS 1036/65.

**ANSWER**: Denied.

123.     Celebrity had actual and/or constructive knowledge of the Mark before adopting the Mark, and Celebrity continues to use the Mark despite its knowledge of DM Luxury's rights in the Mark.

**ANSWER**: Denied.

124.    Celebrity's actual and/or constructive knowledge of the MODERN LUXURY Mark prior to its Infringing Use of the Mark makes Celebrity's wrongful conduct willful, intentional, and in bad faith.

**ANSWER**: Denied.

125.    The willful and intentional nature of Celebrity's actions entitle DM Luxury to all of the remedies set forth under 765 ILCS 1036/70.

**ANSWER**: The allegations contained in paragraph 125 contain legal conclusions to which no response is required; to the extent that paragraph 125 contains factual allegations, Celebrity Cruises deny them.

126.    As a result of Celebrity's trademark dilution, DM Luxury has suffered damages in an amount that has not yet been ascertained.

**ANSWER**: Denied.

127.    As a result of Celebrity's trademark dilution, DM Luxury has also suffered irreparable injury to its business, reputation, and goodwill. DM Luxury will continue to suffer irreparable injury unless Celebrity's misconduct is enjoined by the Court.

**ANSWER**: Denied.

**COUNT VII**
**COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION**

128.    DM Luxury repeats and realleges paragraphs 1 - 127 as if fully set forth herein.

**ANSWER**: Celebrity Cruises incorporates its answers to paragraphs 1 through 127 as if fully set forth herein.

129.    DM Luxury owns common law rights in the MODERN LUXURY Mark.

**ANSWER**: Celebrity Cruises lacks sufficient information and belief to either admit or deny the allegations in paragraph 129 and therefore deny them.

130.    DM Luxury's Mark has been used in U.S. commerce in connection with the MODERN LUXURY magazines since at least as early as March 1, 2001.

**ANSWER**: Celebrity Cruises lacks sufficient information and belief to either admit or deny the allegations in paragraph 130 and therefore deny them.

131.     Celebrity's first use of MODERN LUXURY and THAT'S MODERN LUXURY was on or after August 25, 2011 - roughly a decade after the first use of DM Luxury's Mark.

**ANSWER**: Celebrity Cruises admits that first use of MODERN LUXURY and THAT'S MODERN LUXURY was on or after August 25, 2011. Celebrity Cruises lacks sufficient information and belief to either admit or deny the remaining allegations in paragraph 131 and therefore deny them.

132.     Celebrity had actual and/or constructive knowledge of the Mark before adopting the Mark, and Celebrity continues to use the Mark despite its knowledge of DM Luxury's rights in the Mark.

**ANSWER**: Denied.

133.     Celebrity's use of the Mark is, and has always been, unauthorized.

**ANSWER**: Denied.

134.     Celebrity's use of MODERN LUXURY, an identical mark with highly similar and overlapping services, is likely to cause consumer confusion, mistake, and deception as to an affiliation, connection, or association with DM Luxury.

**ANSWER**: Denied.

135.     Celebrity's use of THAT'S MODERN LUXURY, a nearly identical mark, with highly similar and overlapping services is also likely to cause consumer confusion, mistake, and deception as to an affiliation, connection, or association with DM Luxury.

**ANSWER**: Denied.

136.     Celebrity's use of MODERN LUXURY constitutes common law trademark infringement and unfair competition.

**ANSWER**:   The allegations contained in paragraph 136 contain legal conclusions to which no response is required; to the extent that paragraph 136 contains factual allegations, Celebrity Cruises deny them.

137.     Celebrity's use of THAT'S MODERN LUXURY constitutes common law trademark infringement and unfair competition.

**ANSWER**: The allegations contained in paragraph 137 contain legal conclusions to which no response is required; to the extent that paragraph 137 contains factual allegations, Celebrity Cruises deny them.

138.    Celebrity's actual and/or constructive knowledge of the MODERN LUXURY Mark prior to its Infringing Use of the Mark makes Celebrity's wrongful conduct willful, intentional, and in bad faith.

**ANSWER**: Denied.

139.    As a result of Celebrity's trademark infringement and unfair competition, DM Luxury has suffered damages in an amount that has not yet been ascertained.

**ANSWER**: Denied.

140.    As a result of Celebrity's trademark infringement and unfair competition, DM Luxury has also suffered irreparable injury to its business, reputation, and goodwill. DM Luxury will continue to suffer irreparable injury unless Celebrity's misconduct is enjoined by the Court.

**ANSWER**: Denied.

## GENERAL DENIAL

All allegations not specifically admitted are denied.

## AFFIRMATIVE DEFENSES

Defendant Celebrity Cruises hereby pleads and affirmatively sets forth the following defenses in response to plaintiff DML's Complaint.

### First Affirmative Defense

The Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

The MODERN LUXURY Mark has not obtained the level of fame, renown, and distinctiveness sufficient to obtain relief as a famous mark pursuant to the Lanham Act or other applicable state and federal laws.

### Third Affirmative Defense

DML alleged causes of action are barred by the doctrines of acquiescence and estoppel in that DML has allowed or distinguished third party usages or registrations contrary to DML's alleged, asserted intellectual property rights.

### Fourth Affirmative Defense

As to all of DML's causes of action, the purchaser is not likely to be confused, mistaken, or deceived as to source between any of Celebrity Cruises products or services and DML's products or services.

### Fifth Affirmative Defense

DML has failed to police or prevent the use by others of the MODERN LUXURY Mark.

### Sixth Affirmative Defense

The MODERN LUXURY Mark is not inherently distinctive and has not acquired secondary meaning.

### Seventh Affirmative Defense

The MODERN LUXURY Mark is not incontestable.

### Eighth Affirmative Defense

DML's claims are barred in whole or in part because at all times Celebrity Cruises acted in good faith, and any activities by Celebrity Cruises were innocent in that Celebrity Cruises believed in good faith that any such conduct did not constitute an infringement of any trademark.

### Ninth Affirmative Defense

DML's claims are barred in whole or in part because DML has not been damaged by any act or omission on the part of Celebrity Cruises.

**Tenth Affirmative Defense**

DML's claims for injunctive relief are barred because DML cannot show that it will suffer any irreparable harm from Celebrity Cruises alleged infringement. The alleged injury or damage suffered by DML, if any, would be adequately compensated by damages. Accordingly, DML has a complete and adequate remedy at law and is not entitled to seek equitable relief.

**Reservation of Rights**

Celebrity Cruises reserves the right to make any claim or affirmative defense which may arise as a result of discovery in this matter.

**COUNTERCLAIMS**

Defendant and Counterclaimant Celebrity Cruises, Inc. ("Celebrity Cruises") hereby sets forth the following Counterclaims against Plaintiff and Counterclaim-Defendant DM Luxury, LLC ("DML"):

**PARTIES**

1.  Celebrity Cruises is a corporation organized and existing under the laws of Liberia, with its principal place of business at 1050 Caribbean Way, Miami, Florida 33132.

2.  DML alleges that it is a limited liability company organized and existing under the laws of the State of Delaware, with a primary place of business located at 200 West Hubbard Street, Chicago, IL 60654.

**JURISDICTION AND VENUE**

3.  Jurisdiction in this Court is proper, pursuant to Rule 13 of the Federal Rules of Civil Procedure, and under the Lanham Act, pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1338; and this Court has supplemental jurisdiction over state and common law claims, pursuant to 28 U.S.C. § 1367. Venue is proper under 28 U.S.C. § 1391.

4.   This Court has personal jurisdiction over DML, for reasons including that DML has consented to personal jurisdiction.

## FIRST COUNTERCLAIM
**(Declaratory Judgment of No Trademark Infringement, No Trademark Dilution, No False Designation of Origin, No Unfair Competition, And No Violation of Illinois Statutes, 815 ILCS 510 et seq., 815 ILCS 505 et seq., or 765 ILCS 1036 et seq.,)**

5.   This Counterclaim is for declaratory relief under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and arises from an actual and justiciable controversy between Celebrity Cruises and DML regarding alleged intellectual property rights, including alleged trademark rights.

6. DML filed its Complaint against Celebrity Cruises for federal trademark infringement, federal trademark dilution, federal false designation of origin, common law trademark infringement, unfair competition under Illinois common law, violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510 et seq., trademark dilution under the Illinois Anti-Dilution Act, 765 ILCS 1036 et seq., and violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505 et seq., based on DML's alleged MODERN LUXURY mark, as represented by U.S. Trademark Registration No. 2,693,696, and other alleged rights.

7.   Celebrity Cruises' activities do not constitute trademark infringement, trademark dilution, false designation of origin, unfair competition, or violation of Illinois Statutes 815 ILCS 510 et seq., 765 ILCS 1036 et seq., or 815 ILCS 505 et seq. As part of this allegation, Celebrity Cruises repeats and realleges, and incorporates herein by reference, each of the allegations set forth above in its Affirmative Defenses.

8.   A justiciable controversy exists between Celebrity Cruises and DML concerning the alleged trademark infringement, trademark dilution, false designation of origin, unfair

competition, violation of Illinois statutes, and violation of other alleged intellectual property rights of DML.

9. Celebrity Cruises seeks a judicial determination of its rights and liabilities by a declaration that Celebrity Cruises' activities do not constitute trademark infringement, trademark dilution, false designation of origin, unfair competition, violation of the Illinois statutes asserted by Plaintiff, or any violation of DML's alleged intellectual property rights.

## PRAYER FOR RELIEF

WHEREFORE, Celebrity Cruises prays that the Court enter judgment that:

A. Celebrity Cruises' activities do not constitute trademark infringement, trademark dilution, false designation of origin, unfair competition, violation of any Illinois statutes, or any violation of DML's alleged intellectual property rights;

B. DML take nothing by reason of its Complaint herein;

C. All claims in the Complaint be dismissed with prejudice, and judgment be entered for Celebrity Cruises as to all of the claims in the Complaint;

D. This action be deemed and declared an exceptional case in favor of Celebrity Cruises in all respects, unreasonably brought by DML in bad faith in all respects, and that Celebrity Cruises be awarded all of its attorneys' fees, expenses and costs incurred in this action; and

E. Celebrity Cruises be granted such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Celebrity Cruises hereby demands a jury trial for all issues so triable in this action.

Dated: March 31, 2014

HOLLAND & KNIGHT LLP

s/ *Steven E. Jedlinski*
R. David Donoghue
Steven E. Jedlinski
131 South Dearborn Street, 30th Floor
Chicago, Illinois  60603
Tel:  (312) 263-3600
Fax:  (312) 578-6666
david.donoghue@hklaw.com
steven.jedlinski@hklaw.com

*Attorneys for Defendant,*
*Celebrity Cruises, Inc.*

#28852430_v1

31

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that on March 31, 2014, a copy of the foregoing paper entitled **DEFENDANT CELEBRITY CRUISES, INC.'S ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS** was filed with the Clerk of Court using the CM/ECF system which will send notification of such filing via electronic mail to all counsel of record.

s/ *Steven E. Jedlinski*
Steven E. Jedlinski